DENNIS MURPHY *vs.* R. S. BRINE TRANSPORTATION COMPANY.
DENNIS W. MURPHY *vs.* SAME.

Middlesex.   March 16, 1910. — June 24, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence*, In use of highway.

In an action by a boy six or seven years of age, when injured, against a transportation company for personal injuries, it appeared that the plaintiff while " sitting about the middle of a dirt sidewalk in front of his home " was hit by the end of a derrick lashed on a caravan, driven by a servant of the defendant, that the street was thirty-two feet wide, and the sidewalk eight feet four inches wide, that the derrick was sixty-five feet long and the caravan on which it was lashed was sixteen feet long, that there were parallel car tracks in the street, that the caravan was being driven with its left hand wheels on the right hand rail of the right hand track, that an electric car came up from behind and the gong was

rung, that the defendant's driver pulled over to the left, and as he did so the wheels " sort of slid " on the car tracks and the rear part of the wagon swung around toward the sidewalk on the right hand side of the street where the boy was, causing the end of the boom of the derrick to swing over the sidewalk and strike the boy's leg, pinning it to the ground. The teams of the defendant were employed in moving the plant of a general contractor from his yard in one city to his yard in a neighboring city, and a foreman of this contractor was on the caravan at the time of the accident, sitting on the derrick with another employee of the contractor. This foreman of the contractor testified that he gave no directions to the driver as to how or where to drive the horses except that they should be driven from the one yard of the contractor to' the other, and that he exercised no control or direction in any way over the drivers of the caravans. He also testified that he told the agent of the defendant " to send two two-horse caravans ; he did not tell him what drivers to send and he did not go out into the yard or pick out the horses or harnesses." The defendant contended that the accident was caused by the negligence of the contractor's foreman in the management of the caravan. It also contended, and introduced evidence to show, that the real cause of the accident was the negligence of this foreman in selecting a sixteen foot caravan instead of a twenty-four foot caravan. *Held,* that the jury were warranted in finding that the defendant was in sole control of the caravan, and also were warranted in finding that the contractor's foreman did not select the sixteen foot caravan.

TWO ACTIONS OF TORT, one by Dennis Murphy, a minor child, brought for him by Dennis W. Murphy, his father, as his next friend, against the R. S. Brine Transportation Company, a corporation, for personal injuries sustained on May 19, 1906, on Webster Avenue in Somerville, alleged to have been caused by the negligence of the defendant and its servants in the management and operation of a truck loaded with a derrick which extended beyond the rear of the truck for a long distance and near the ground, whereby the projecting part of the derrick was made to swing over the sidewalk and crushed the plaintiff's leg, and the second action by Dennis W. Murphy for loss of services and expenses alleged to have been caused by the injuries to the plaintiff in the first action. Writs dated March 16, 1907.

In the Superior Court the cases were tried before *White,* J., at the same time with two other similar actions brought by the same plaintiffs for damages for and by reason of the same injuries against the A. C. Whitney Company, a corporation carrying on the business of a general contractor. " There was evidence that would warrant the jury in finding that the boy plaintiff was in the exercise of due care, and that the boy was injured so that one of his legs had to be amputated." The material facts shown by the evidence are stated in the opinion.

In each of the cases against the A. C. Whitney Company the judge ordered a verdict for the defendant.

In the cases against the R. S. Brine Transportation Company the defendant asked the judge to make the following rulings :

" 1.   Upon all the evidence in the case the plaintiff cannot recover against this defendant.

" 2.   Upon all the evidence, the accident to the plaintiff having been caused by the end of the boom hitting the plaintiff, the plaintiff cannot recover against this defendant.

" 3.   The injury to the plaintiff not having been caused by any part of the wagon or of the horses striking him, the plaintiff cannot recover against this defendant.

" 4.   The driver of the team is only responsible to this defendant for the safety of the horses and the preservation of the horses and team, and therefore the plaintiff cannot recover."

The judge refused to make any of these rulings, and submitted to the jury the two cases against the R. S. Brine Transportation Company.   " The charge of the court was full and complete on all issues and no exception was taken by the defendant except to the refusal of the court to give the rulings asked for."

In each of the cases the jury returned a verdict for the plaintiff against the R. S. Brine Transportation Company ; and that defendant alleged exceptions.

*J. A. Lowell,* (*J. Lowell* with him,) for the defendant.

*R. H. Sherman,* for the plaintiff, was not called upon.

LORING, J.   The plaintiff in the first action, a boy about six or seven years of age, while " sitting about the middle of a dirt sidewalk, in front of his home," was hit by the end of a derrick lashed on a caravan driven by a servant of the defendant by the name of Irving.   In consequence of his injury one of his legs had to be amputated.

The street in question was thirty-two feet in width between the curbs, and the sidewalk was eight feet four inches wide. The derrick was sixty-five feet, and the caravan on which it was lashed was sixteen feet long.   There were two electric car tracks in the street.

Just before the accident the caravan was being driven along on the right hand side of the street, the nigh wheels "being in the right hand rail of the street car tracks."   An electric car

came up from behind and rang its gong. Thereupon Irving, not having room to turn to the right without driving his horses on to the sidewalk, pulled over to the left, and as he did so " the wheels sort of slid on the car tracks and the rear part of the wagon swung around toward the sidewalk [on the right hand side of the street] where the boy was, causing the extreme end of the derrick, to which was attached an iron hook, to swing over on to the sidewalk and strike the boy in the leg, pinning his leg to the ground."

It appeared that the defendant's teams were being employed in moving the plant of the A. C. Whitney Company from their Dorchester yard to their Somerville yard, and that one Hearst, " a foreman for the A. C. Whitney Company," was on the team at the time of the accident. He was " sitting on the derrick with another employee of the A. C. Whitney Company some feet behind the driver Irving; . . . he was facing toward the right hand side of the street in the direction in which they were going, with the driver to his left, and . . . the other man on the load with him, a man named Foley, was also facing toward the right hand side of the street."

The defendant's first contention is that the injury was due to the negligence of Hearst. But Hearst testified " that he gave no directions to the driver Irving as to how or where to drive the horses except that they should be driven from the Dorchester yard to the Somerville yard; that he exercised no control or direction in any way over the drivers of the caravans." This warranted the jury in finding that the defendant was in sole control of the caravan.

The defendant's second contention is that the real cause of the accident was, and it introduced evidence to show, that Hearst selected a sixteen foot caravan in place of a twenty-four foot caravan. It is enough to dispose of this contention that the jury were not bound to believe that testimony, even if it had not been contradicted, *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314, and that Hearst's testimony that " he told him to send two two-horse caravans ; he did not tell him what drivers to send and he did not go out into the yard or pick out the horses or harnesses," could be taken by the jury to be a contradiction.

This also disposes of the defendant's last contention that in any event the negligence which caused the accident was the joint negligence of the two because Hearst did pick out the sixteen-foot caravan.

We do not intimate that any of the defendant's contentions would have been good if the objections we have stated had not existed.

*Exceptions overruled.*